IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1996 SESSION

FILED

March 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9506-CC-00182 |
| | ) | |
| Appellee, | ) | Giles County |
| | ) | |
| VS. | ) | Honorable James L. Weatherford, Judge |
| | ) | |
| JOHNNY WAYNE TILLERY, | ) | (Possession of cocaine with the intent to sell) |
| | ) | |
| Appellant. | ) | |

## CONCURRING OPINION

I fully concur with the opinion. I would add that the opinion of our supreme court in State v. Jones, 598 S.W.2d 209 (Tenn. 1980), supports the conclusion reached by this court even though all of the recorded statements were allowed into evidence. In Jones, the supreme court warned that "any statement made by a non testifying party to the conversation which tends to be prejudicial to the defendant must be redacted, unless admissible under some other rule of law." Id. at 223. Here, however, the challenged portions of Brooks's statements are not prejudicial. When Brooks made assurances that he was responsible and that the defendant should not "take the fall," that tended to be more exculpatory, in my view, than incriminatory. Because there was no prejudice, there could have been no error.

_____
Gary R. Wade, Judge